| | |
|---|---|
| 1 | DOUGLAS A. WINTHROP (SB# 183532) |
| | douglas.winthrop@arnoldporter.com |
| 2 | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Three Embarcadero Center, 10th Floor |
| 3 | San Francisco, CA 94111-4024 |
| 4 | ALI R. SHARIFAHMADIAN (*pro hac vice pending*) |
| | ali.sharifahmadian@arnoldporter.com |
| 5 | ARNOLD & PORTER KAYE SCHOLER LLP |
| | 601 Massachusetts Ave, NW |
| 6 | Washington, DC 20001-3743 |
| 7 | RYAN M. NISHIMOTO (SB# 235208) |
| | ryan.nishimoto@arnoldporter.com |
| 8 | ARNOLD & PORTER KAYE SCHOLER LLP |
| | 777 South Figueroa Street, 44th Floor |
| 9 | Los Angeles, CA 90017-5844 |
| 10 | *Attorneys for Third-Party Defendant* |
| | *Samsung Semiconductor, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation | Case No. 3:22-cv-02869-TLT |
| Plaintiffs, | **SAMSUNG SEMICONDUCTOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FINELITE, INC.'S THIRD-PARTY COMPLAINT** |
| v. | |
| FINELITE, INC., | |
| Defendant. | |
| FINELITE, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| SAMSUNG SEMICONDUCTOR, INC., | |
| Third-Party Defendant. | |

Third-Party Defendant Samsung Semiconductor, Inc. ("SSI"), by and through its attorneys, Arnold & Porter Kaye Scholer LLP, responds to the Third-Party Complaint filed by Finelite, Inc. ("Finelite") with the following Answer and Affirmative Defenses:

## GENERAL DENIAL

Unless specifically admitted below, SSI denies each and every allegation in the Third-Party Complaint and further denies that Finelite is entitled to damages or relief in any amount or of any type from SSI.

To the extent the allegations on lines 1-3 of the Third-Party Complaint set forth legal conclusions, no response is required. SSI denies all remaining allegations on lines 1-3 of the Third-Party Complaint.

## THE PARTIES

1. SSI admits that Finelite is listed with the State of California as a California corporation and identifies its headquarters to be 30500 Whipple Road, Union City, California 94587. Except as expressly admitted, SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint, and therefore denies them.

2. SSI admits that Finelite is engaged in the business of manufacturing lighting products that use light emitting diodes ("LEDs"). Except as expressly admitted, SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third-Party Complaint, and therefore denies them.

3. SSI admits that it is a California corporation with its headquarters at 3655 North First Street, San Jose, California 95134.

## JURISDICTION AND VENUE

4. To the extent that the allegations of Paragraph 4 set forth legal conclusions, no response is required. To the extent a response is required, SSI does not dispute that this Court has supplemental jurisdiction over SSI solely for the purposes of this action. SSI admits that the Third-Party Complaint purports to add SSI to an action arising from claims made by Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (together, the "Seoul Plaintiffs"). SSI denies that its LEDs or

1  related technology infringe any patents asserted by the Seoul Plaintiffs.  Except as expressly
2  admitted, SSI denies all remaining allegations of Paragraph 4 of the Third-Party Complaint.

3        5.    To the extent that the allegations of Paragraph 5 set forth legal conclusions, no
4  response is required.  To the extent a response is required, SSI does not dispute that this Court has
5  personal jurisdiction over SSI solely for the purposes of this action.  SSI admits that it maintains a
6  principal place of business in this district.  Except as expressly admitted, SSI denies all remaining
7  allegations of Paragraph 5 of the Third-Party Complaint.

8        6.    To the extent that the allegations of Paragraph 6 set forth legal conclusions, no
9  response is required.  To the extent a response is required, SSI does not dispute that venue is
10 proper in this district.  Except as expressly admitted, SSI denies all remaining allegations of
11 Paragraph 6 of the Third-Party Complaint.

**COMMON FACTUAL ALLEGATIONS**

13       7.    SSI admits that it is engaged in the business of selling LEDs known as LM561BPlus
14 chips.  SSI admits that Finelite purchases LEDs sold by SSI.  Except as expressly admitted, SSI
15 denies all remaining allegations of Paragraph 7 of the Third-Party Complaint.

16       8.    SSI admits that Finelite issued Purchase Order No. 094491-00 in or around
17 September 2018, Purchase Order No. 103778-00 in or around June 2019, Purchase Order
18 No. 113624-00 in or around May 2020, and Purchase Order No. 122738-00 in or around July 2021
19 (the "Purchase Orders").  SSI admits that the Purchase Orders identify quantities of 5,000,000,
20 7,000,000, 5,000,000, and 10,000,000, respectively, of items identified as Item No. 77062 and/or
21 SPMWHT541MP5W1UMS4 (S4/S5).  Except as expressly admitted, SSI denies the allegations of
22 Paragraph 8 of the Third-Party Complaint.

23       9.    SSI admits that Finelite's emails transmitting Purchase Order Nos. 094491-00,
24 103778-00, 113624-00, and 122738-00 contain a hyperlink identified in the email as "Purchasing
25 Terms and Conditions," but avers that the hyperlink points to a page that does not exist as of
26 January 12, 2023.  Except as expressly admitted, SSI denies the allegations of Paragraph 9 of the
27 Third-Party Complaint.

10. SSI's investigation is ongoing, and SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and so denies the allegations of Paragraph 10 of the Third-Party Complaint.

11. SSI's investigation is ongoing, and SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and so denies the allegations of Paragraph 11 of the Third-Party Complaint.

12. SSI admits that on May 29, 2020, SSI responded to Finelite's Purchase Order No. 113624-00 with Sales Order Acknowledgment No. 1490721097.

13. SSI admits that on July 9, 2021, it responded to Finelite's Purchase Order No. 122738-00 with Sales Order Acknowledgment No. 1565149063.

14. SSI's investigation is ongoing, and SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and so denies the allegations of Paragraph 14 of the Third-Party Complaint.

15. SSI admits that Sales Order Acknowledgment Nos. 1490721097 and 1565149063 included the SSI Standard Terms and Conditions of Sale, which included the language partially quoted by Finelite. Specifically, the provisions in the SSI Standard Terms and Conditions of Sale included in these two Sales Order Acknowledgments specified:

> 1. **Application of Terms**. The terms and conditions in this document exclusively govern and control, and entirely supersede, and are in lieu of the terms and conditions in, the Customer's purchase order or any other document offered or proposed by Customer. All other terms or conditions of sale proposed or offered by Customer are hereby expressly rejected in the entirety. No other terms shall be valid unless specifically agreed to in writing and signed by Samsung. Failure of Samsung to object to the provisions in any document sent by Customer shall not be deemed a waiver of these terms or acceptance of any terms the Customer may have requested. Samsung's sale of Products covered by this document are governed only by these terms and conditions of sale. Customer shall be deemed to have expressly accepted these

terms and conditions of sale if Customer requests or receives delivery of any Products. These terms supersede all other terms submitted or proposed by Customer, as well as all prior terms in any quotation, purchase order, or otherwise. In the event that Samsung consents to modify any of the following terms, such modification shall be in a signed writing between the parties which references the change to these terms or shall be expressly stated on the face of these terms and endorsed by Samsung. All requests for Product are subject to approval by Samsung, and Samsung reserves the right to restrict or allocate Product.

* * *

8. **Shipment**. All Product is sold, and prices quoted, C.I.P. Samsung's warehouse in California, unless another location is specifically designated in writing by Samsung. Title and risk of loss pass to Customer at the C.I.P. point. Customer shall be responsible for all costs associated with shipping and insurance as well as any necessary customs clearances and duties (at or after the C.I.P. point). Delivery dates acknowledged or confirmed by Samsung are estimates only, and Samsung shall not be responsible for delays in shipment or delivery or any resulting claims or damages.

* * *

10. **Intellectual Property Indemnity and Proprietary Rights**. Subject to the conditions below, Samsung will at its expense defend or settle (at its option) any third party claim against Customer arising from the infringement of any patent, copyright, mask work right, trade secret, or other intellectual property right by Product in the jurisdiction where title passes from Samsung to Customer, and will pay any final judgment entered against Customer in such claim, provided Customer notifies Samsung in writing of such claim immediately after knowing of it and cooperates in its defense as requested by Samsung. To limit its liability and in full satisfaction of its obligations

> hereunder (including defense obligations), Samsung may at any time modify or replace the affected Products to avoid an infringement, obtain a license to cure an infringement, or give Customer a full refund of the subject Product's purchase price (subject to return of the subject Product). Samsung's duty to defend and indemnify will not apply if the alleged infringement arises from: the combination of the Products with any other goods or products; the modification of any Products by a party other than Samsung; or any specifications or directives of Customer used by Samsung in making the Products; and will not apply to any settlement made by Customer without Samsung's consent. THE FOREGOING STATES THE ENTIRE RESPONSIBILITY OF SAMSUNG, AND THE EXCLUSIVE REMEDY OF CUSTOMER, WITH RESPECT TO ANY ALLEGED INTELLECTUAL PROPERTY RIGHT INFRINGEMENT OR TRADE SECRET VIOLATION BY THE PRODUCTS. Samsung retains ownership of all rights to designs, technical data, and any other intellectual property relating to the Products, and to any models, drawings, patterns, composites, molds, masks, fixtures, and tools used in making them, and nothing in this sale conveys any license, expressly or by implication or estoppel, under any such rights to Customer.

SSI's investigation is ongoing, therefore, except as expressly admitted, SSI denies the remaining allegations of Paragraph 15 of the Third-Party Complaint.

16. To the extent that the allegations in Paragraph 16 set forth legal conclusions, no response is required. SSI admits that California Uniform Commercial Code § 2312 states in part "Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like . . . ." SSI denies any liability to Finelite in this action. Except as expressly admitted, SSI denies the allegations set forth in Paragraph 16 of the Third-Party Complaint.

17. SSI admits that California Civil Code § 2778(4) states in part "The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity . . . ." SSI denies any liability to Finelite in this action. Except as expressly admitted, SSI denies the allegations set forth in Paragraph 17 of the Third-Party Complaint.

18. SSI admits that, in the above-captioned action, the Seoul Plaintiffs filed an amended complaint against Finelite (the "Seoul Plaintiffs' Amended Complaint") alleging infringement by Finelite of the following fourteen patents: 7,397,069 ("the '069 patent"); 9,269,868 ("the '868 patent"); 9,799,800 ("the '800 patent"); 7,677,225 ("the '225 patent"); 8,664,638 ("the '638 patent"); 9,716,210 ("the '210 patent"); 10,418,514 ("the '514 patent"); 8,604,496 ("the '496 patent"); 7,982,207 ("the '207 patent"); 10,672,952 ("the '952 patent"); 8,981,410 ("the '410 patent"); 9,577,157 ("the '157 patent"); 10,134,967 ("the '967 patent"); and 10,510,933 ("the '933 patent"). SSI admits that the Seoul Plaintiffs allege ownership of the fourteen patents asserted against Finelite. Except as expressly admitted, SSI denies the allegations set forth in Paragraph 18 of the Third-Party Complaint.

19. SSI admits that the Seoul Plaintiffs' Amended Complaint alleges that a Finelite product infringes the '069, '868, '800, '225, '638, '210, '514, '496, '207, '952, '410, '157, '967, and '933 patents and that the infringement of one or more of the '210, '514, and '157 patents was willful. *See* Seoul Plaintiffs' Am. Compl. 43-44. SSI denies any liability to Finelite in this action. Except as expressly admitted, SSI denies the allegations set forth in Paragraph 19 of the Third-Party Complaint.

20. SSI's investigation is ongoing, and SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and so denies the allegations of Paragraph 20 of the Third-Party Complaint.

21. SSI denies the allegations in Paragraph 21 of the Third-Party Complaint.

22. SSI admits that, on or about May 19, 2022, a Finelite employee notified an SSI employee that Seoul Semiconductor, Inc. had filed suit against Finelite. SSI's investigation

continues and, except as expressly admitted, SSI denies the allegations of Paragraph 22 of the Third-Party Complaint.

23.  SSI denies that it has any liability to Finelite in this action and, on that basis, denies the allegations in Paragraph 23 of the Third-Party Complaint.

### COUNT ONE (BREACH OF CONTRACT AGAINST SSI)

1-23.  SSI incorporates by reference the responses in Paragraphs 1-23 of this Answer.

24.  To the extent that the allegations of Paragraph 24 set forth legal conclusions, no response is required.  To the extent a response is required, SSI's investigation is ongoing, and therefore, SSI denies the allegations of Paragraph 24 of the Third-Party Complaint.

25.  SSI denies the allegations in Paragraph 25 of the Third-Party Complaint.

26.  SSI denies the allegations in Paragraph 26 of the Third-Party Complaint.

27.  SSI denies the allegations in Paragraph 27 of the Third-Party Complaint.

28.  SSI denies the allegations in Paragraph 28 of the Third-Party Complaint.

### COUNT TWO (BREACH OF THE CALIFORNIA UNIFORM COMMERCIAL CODE)

1-28.  SSI incorporates by reference the responses in Paragraphs 1-28 of this Answer.

29.  To the extent that the allegations of Paragraph 29 set forth legal conclusions, no response is required.  To the extent a response is required, SSI's investigation is ongoing, and therefore, SSI denies the allegations of Paragraph 29 of the Third-Party Complaint.

30.  To the extent that the allegations of Paragraph 30 set forth legal conclusions, no response is required.  To the extent a response is required, SSI denies the allegations in Paragraph 30 of the Third-Party Complaint.

31.  To the extent that the allegations of Paragraph 31 set forth legal conclusions, no response is required.  SSI admits that California Commercial Code § 2312 states in part "Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like . . . ."  Except as expressly admitted, SSI denies the allegations in Paragraph 31 of the Third-Party Complaint.

32. To the extent that the allegations in Paragraph 32 set forth legal conclusions, no response is required. SSI admits that it sells an LM561BPlus product as Part No. SPMWHT541MP5W1UMS4 (S4/S5). Except as expressly admitted, SSI denies all remaining allegations in Paragraph 32 of the Third-Party Complaint.

33. SSI's investigation is ongoing, and SSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and so denies the allegations of Paragraph 33.

34. To the extent that the allegations of Paragraph 34 set forth legal conclusions, no response is required. To the extent a response is required, SSI denies the allegations in Paragraph 34 of the Third-Party Complaint.

35. SSI denies the allegations in Paragraph 35 of the Third-Party Complaint.

36. SSI denies the allegations in Paragraph 36 of the Third-Party Complaint.

37. SSI denies the allegations in Paragraph 37 of the Third-Party Complaint.

## COUNT THREE (DECLARATORY JUDGMENT)

1-37. SSI incorporates by reference the responses in Paragraphs 1-37 of this Answer.

38. SSI admits that an actual controversy exists between Finelite and SSI. Except as expressly admitted, SSI denies the allegations in Paragraph 38 of the Third-Party Complaint.

39. SSI denies the allegations in Paragraph 39 of the Third-Party Complaint.

40. SSI denies the allegations in Paragraph 40 of the Third-Party Complaint.

41. SSI admits that Finelite purports to request declaratory judgment. Except as expressly admitted, SSI denies the allegations in Paragraph 41 of the Third-Party Complaint.

## PRAYER FOR RELIEF

To the extent that Finelite's Prayer for Relief at page 8, line 14 through page 9, line 5 of the Third-Party Complaint set forth legal conclusions, no response is required. SSI denies all remaining allegations in the section of Finelite's Third-Party Complaint titled "Prayer for Relief," and denies that Finelite is entitled to relief sought in its Third-Party Complaint or any relief whatsoever. SSI requests that the Court deny all relief sought by Finelite in its entirety and with prejudice, and requests that Finelite take nothing.

## AFFIRMATIVE DEFENSES

SSI asserts the following defenses to Finelite's Third-Party complaint. SSI further reserves the right to assert additional defenses based on information learned or obtained during discovery. SSI pleads all terms, provisions, and condition precedent of the subject contracts and/or agreements including, but not limited to: Credit Agreement, SSI's Contract of Sale, and Purchase Order Terms and Conditions.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Finelite's Third-Party claims fail to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Formation/Invalid Contract)

The purported contract obligations between SSI and Finelite are neither valid nor enforceable against SSI.

### THIRD AFFIRMATIVE DEFENSE
### (Excuse by Finelite)

The contract and/or agreement upon which Finelite's Third-Party claims are premised is void by virtue of Finelite having excused SSI's performance under that contract and/or agreement and therefore, Finelite may not seek affirmative relief pursuant to its provisions.

### FOURTH AFFIRMATIVE DEFENSE
### (Accord and/or Satisfaction)

Finelite's claims are barred by accord and/or satisfaction.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Finelite is estopped from asserting any purported causes of action against SSI by reason of its own actions or failures to act, including but not limited to, incurring defense costs rather than seeking a stay or referral to arbitration.

**SIXTH AFFIRMATIVE DEFENSE**

**(Other Equitable Doctrines)**

Finelite's claims are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Finelite's claims are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Finelite's claims are barred by the doctrine of acquiescence.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Finelite's claims are barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts and Omissions)**

All or part of the harm alleged by Finelite was caused by the acts and/or omissions of other persons (including Seoul Plaintiffs), which intervened between any acts and/or omissions alleged of SSI, and any relief to which Finelite may be entitled must be eliminated, reduced, or apportioned accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Finelite's recovery, if any, is barred to the extent that they failed to make reasonable efforts to mitigate or avoid such damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unjust enrichment)**

Finelite is barred from recovery from SSI because any such recovery would constitute unjust enrichment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

To the extent that Finelite receives or has received reimbursement or other compensation for all or part of the alleged damages, the amount of any damages that Finelite may recover against SSI must be diminished, setoff, or apportioned in accordance with applicable law, including laws governing contribution and indemnity and/or the affirmative defenses of accord and satisfaction and payment and/or release, and SSI will avail itself of such rights.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Finelite must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than SSI under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Subsequently Discovered Defenses)

SSI hereby gives notice of its intention to rely upon additional affirmative defenses that may become available or apparent during the course of discovery, and thus, reserves the right to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, SSI respectfully prays for:

A. A judgement in favor of SSI denying Finelite of all relief requested in its Third Party Complaint in the present action and dismissing Finelite's Third Party Complaint with prejudice; and

B. Such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: January 20, 2023 | ARNOLD & PORTER KAYE SCHOLER LLP |

*/s/Douglas A. Winthrop*
Douglas A. Winthrop
douglas.winthrop@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024

Ali R. Sharifahmadian (*pro hac vice pending*)
ali.sharifahmadian@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

*Attorneys for Third-Party Defendant*
*Samsung Semiconductor, Inc.*