1  DOUGLAS A. WINTHROP (SB# 183532)
   douglas.winthrop@arnoldporter.com
2  ARNOLD & PORTER KAYE SCHOLER LLP
   Three Embarcadero Center, 10th Floor
3  San Francisco, CA 94111-4024

4  ALI R. SHARIFAHMADIAN (*admitted pro hac vice*)
   ali.sharifahmadian@arnoldporter.com
5  JIN-SUK PARK (*admitted pro hac vice*)
   jin.park@arnoldporter.com
6  MINJAE KIM (SB# 344110)
   minjae.kim@arnoldporter.com
7  ARNOLD & PORTER KAYE SCHOLER LLP
   601 Massachusetts Ave, NW
8  Washington, DC 20001-3743

9  RYAN M. NISHIMOTO (SB# 235208)
   ryan.nishimoto@arnoldporter.com
10 ARNOLD & PORTER KAYE SCHOLER LLP
   777 South Figueroa Street, 44th Floor
11 Los Angeles, CA 90017-5844

12 *Attorneys for Third-Party Defendant*
   *Samsung Semiconductor, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FINELITE, INC.,<br><br>Defendant.<br><br>FINELITE, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SAMSUNG SEMICONDUCTOR, INC.,<br><br>Third-Party Defendant. | Case No.: 3:22-cv-02869-TLT<br><br>**DECLARATION OF MICHAEL NGUYEN IN SUPPORT OF MAINTAINING INFORMATION UNDER SEAL**<br><br>Hon. Trina L. Thompson<br>Date:  September 5, 2023<br>Time: 2:00 p.m. |

I, Michael Nguyen, declare as follows:

1. I am IP Legal Counsel at Samsung Semiconductor, Inc. ("SSI"). I submit this declaration in support of maintaining information under seal identified in SSI's chart on pages 2–3 of the Motion to File Under Seal Portions of Documents in Support of SSI's Motion for Summary Judgment ("the Chart").

2. I have personal knowledge of the exhibits listed in the Chart, their competitive significance to SSI, and the level of confidentiality associated with their contents. Based on my review of the materials listed in the Chart, my conversations with the individuals who reviewed the documents, my knowledge of SSI's business, and my familiarity with the confidentiality protection afforded this type of information by SSI, I submit that disclosure of certain information contained in these exhibits to the public and/or SSI's competitors and customers would harm SSI's competitive standing and business.

3. In the ordinary course of business, SSI would treat this information as strictly confidential. SSI also takes reasonable steps to protect its network and electronically stored information to prevent access by outside parties.

4. For ease of reference, SSI has grouped the exhibits identified in the Chart into the following three categories based on the type of information sought to be sealed and/or redacted contained therein:

   a. Customer's bank information and credit limit;
   b. Confidential pricing and sale information;
   c. Information about products not at issue in the litigation.

5. The information identified above is significant not only to the ongoing relationship between Finelite and SSI, but also SSI's relationships with customers and other companies. Contracts with customers may have different prices and terms based on the size of the customer, length of the relationship, and other factors; disclosure of this information could undermine SSI's relationships with such companies and also allow competitors to unfairly affect SSI's relationships with customers.

6. Because disclosure of the information in the exhibits is likely to cause clearly defined, serious injury to SSI, SSI respectfully requests that the portions of the exhibits listed in the Chart to remain under seal.

Dated: May 18, 2023

Respectfully submitted,

Michael Nguyen