| | |
|---|---|
| David C. Radulescu, Ph.D. (*pro hac vice*) | Mark Giarratana |
| Etai Lahav (*pro hac vice*) | Kevin Reiner |
| Jonathan Auerbach (*pro hac vice*) | Thomas J. Rechen |
| **RADULESCU LLP** | **McCarter & English LLP** |
| 5 Penn Plaza, 19th Floor | 185 Asylum Street |
| New York, NY 10001 | Hartford, CT 06103 |
| Telephone: 646-502-5950 | 860-275-6719 |
| Facsimile: 646-502-5959 | mgiarratana@mccarter.com |
| david@radip.com | kreiner@mccarter.com |
| etai@radip.com | trechen@mccarter.com |
| jonathan@radip.com | |
| | James H. Vorhis (SBN 245034) |
| Kevin S. Kudlac (*pro hac vice*) | David C. Lee (SBN 193743) |
| **RADULESCU LLP** | **Nossaman LLP** |
| 501 Congress Avenue, Suite 150 | 50 California Street, 34th Floor |
| Austin, TX 78701 | San Francisco, CA 94111 |
| Telephone: 512-656-5743 | Telephone: 415.398.3600 |
| kevin@radip.com | Facsimile: 415.398.2438 |
| | jvorhis@nossaman.com |
| | dlee@nossaman.com |

*Attorneys for Plaintiff Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.*            *Attorneys for Defendant Finelite, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a *Korea Corporation*, SEOUL VIOSYS CO., LTD., a *Korean Corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>FINELITE, INC.,<br><br>Defendant. | Case No. 3:22-cv-02869-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[CIV. L.R. 16-10(d)]**<br><br>Date: **January 11, 2024**<br>Time: **2:00 p.m.**<br>Judge: **Hon. Trina L. Thompson** |
| FINELITE, INC.,<br>Third-Party Plaintiff,<br><br>v.<br><br>SAMSUNG SEMICONDUCTOR, INC.,<br><br>Third-Party Defendant. | |

Case No. 3:22-cv-02869-TLT
JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Order Setting Further Case Management Conference (ECF No. 158) and Civil Local Rule 16-10(d), Plaintiffs Seoul Semiconductor Co., Ltd, and Seoul Viosys Co., Ltd.'s ("Plaintiffs") and Defendant Finelite, Inc. ("Finelite") respectfully submit this Joint Case Management Statement.

## I. MOTIONS

Finelite has filed a Motion for Entry of a Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 148), for which briefing is complete.

Plaintiffs have filed an Opposed Request to Reschedule *Markman* and Motion to Strike Hearing (ECF No. 173), for which briefing is complete.

Finelite's Further Statement

If the Court grants its Motion for Entry of a Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 148), Finelite anticipates filing a motion to stay the proceedings in the case during the pendency of the appeal of the Court's September 26, 2023 order (ECF No. 142).

Finelite also notes that Plaintiffs' Infringement Contentions assert against Finelite eighty-seven (87) claims amongst the fourteen (14) patents-in-suit. As Finelite stated in the first Case Management Conference Statement (ECF No. 56 at 11-12), Finelite may, as this case progresses, request Plaintiffs to reduce the number of asserted claims to a reasonable number, and if the parties cannot reach agreement, seek relief from the Court.

## II. DISCOVERY

In addition to discovery set forth in the Court's Patent Local Rules, the parties have exchanged some written discovery and have each produced documents. No fact depositions have been taken to date.

Plaintiffs' Further Statement

Finelite's Further Statement below is not reflective of Local Rule 16-10(d) and instead is an attempt to redo the Rule 26(f) conference as if this case has not progressed since initial pleadings. Further, Finelite's Further Statement, a draft of which Finelite served on Plaintiffs the day before this Statement was due to be filed, discusses issues that Finelite has not raised for almost a year. The parties submitted a Joint Case Management Conference Statement on October

14, 2022, in which Finelite noted that it wanted extra deposition hours and extra interrogatories in addition to those provided by the Federal Rules. However, the Court's Case Management and Scheduling Order left the default discovery limits in place. ECF No. 62. There was no basis to request such additional discovery then and there remains no basis to request this this discovery now.

Additionally, some of the issues complained about by Finelite below are of Finelite's own making. For example, Finelite offered to circulate a draft ESI stipulation last January, but to date, has not circulated such a stipulation to Plaintiffs.

None of these issues are currently before the Court, and Plaintiffs remain willing to discuss these issues with Finelite, but do not think they are ripe for discussion with the Court at this time. Nevertheless, Plaintiffs will be prepared to address the issues at the Case Management Conference should the Court wish to discuss them.

With respect to the deadline for the completion of fact discovery, Finelite must show good cause to extend that deadline as it has proposed. Finelite has not made that showing.

<u>Finelite's Further Statement</u>

Pursuant to Local Rule 16-10(d), Finelite makes the following additional statement reporting progress or changes since the last statement and regarding the remainder of the case development process:

1. Finelite anticipates serving additional written discovery on Plaintiffs, including additional document requests, interrogatories, and requests for admission, which, in view of the parties' contentions and claim construction proceedings to date, will pertain to non-infringement and invalidity of the patents-in-suit, Plaintiffs' alleged damages, Plaintiffs' non-compliance with the constructive notice provisions of the patent marking statute, 35 U.S.C. § 287, and other disputed issues. Following receipt of responsive written and document discovery from Plaintiffs, Finelite intends to conduct fact depositions of Plaintiffs and other relevant persons. Finelite stated in the first Case Management Conference Statement that, in view of the number of patents asserted against it, Finelite would require fourteen (14) hours of deposition per party under Fed. R. Civ. P. 30(b)(6), and forty (40) interrogatories per party under Fed. R. Civ. P. 33 (ECF No. 56

1  at 8). Plaintiffs correctly point out above that Finelite made this request in the Joint Case
2  Management Conference Statement on October 14, 2022. (ECF 56 at 8). Significantly, Plaintiffs
3  made no objection to Finelite's request at that time, and contrary to Plaintiffs' assertion above,
4  the Court did not address this request one way or another in its Case Management and Scheduling
5  Order (ECF 62). Despite Finelite having requested such additional discovery more than 15
6  months ago, Plaintiffs never objected to such request until today. Finelite submits that Plaintiffs
7  waived their objection. Moreover, and in any event, Finelite's request for such additional
8  deposition time and interrogatories is more than reasonable and justified in view of that Plaintiffs
9  are asserting 87 patent claims in 14 different patents filed by numerous different inventors against
10 Finelite. Accordingly, Finelite submits that the Court should grant Finelite's request for such
11 additional deposition time and interrogatories.

12         2.   Finelite notes that the parties requested and the Court entered scheduling orders
13 allowing four months following the *Markman* hearing to complete fact discovery. *See* Order
14 Granting Stipulated Case Schedule, ECF No. 61 at 5 (December 12, 2023 claim construction
15 hearing) and Case Management Scheduling Order, ECF No. 62 at 2 (April 12, 2024 fact
16 discovery cut-off). Finelite's position is that the Court's *Markman* decision will be important to
17 the progression of the case because it may be dispositive of multiple issues and, further, may
18 focus the issues and scope of further fact discovery. However, in light of the currently-scheduled
19 April 12, 2024 fact discovery deadline, Finelite is concerned there may be insufficient time to
20 conduct fact discovery after the Court's *Markman* hearing/decision. This is why Finelite opposed
21 Plaintiffs' motion to reschedule the *Markman* hearing to the week of March 18, 2024 or later, and
22 why Finelite's position is that, if the Court grants Plaintiffs' motion, there is good cause for the
23 Court to move the close of fact discovery to be the same as the close of expert discovery, *i.e.*,
24 July 12, 2024, to avoid the prejudice resulting from insufficient time to conduct fact discovery
25 following the *Markman* hearing/decision (ECF No. 174).

26         3.   The parties have not agreed to a stipulated ESI Order and, despite multiple attempts to
27 do so, have not reached agreement on a stipulated Protective Order. In addition, Plaintiffs have
28 objected to the production of emails in response to Finelite's written discovery and appear to not

have produced responsive emails. Accordingly, Finelite anticipates further discussion with Plaintiffs regarding entering into a stipulated ESI Order and Protective Order, and addressing the production of responsive emails, but if the parties do not come to an agreement, Finelite may seek the assistance of the Court. Plaintiffs complain above that Finelite has not yet circulated a draft ESI Order. However, both parties agreed that they need an ESI Order and Plaintiffs' counsel proposed that they could circulate a draft as well. Accordingly, Finelite intends to seek a stipulated ESI Order with Plaintiffs and only raise this issue with the Court if there is an impasse.

4.   Plaintiffs' above complaint that Finelite "served [this Further Statement] on Plaintiffs the day before this Statement was due to be filed" is not well taken. Plaintiffs did not provide Finelite a draft into which it could provide its comments until less than 48 hours before this Statement was due. Finelite was extremely diligent and turned around its revised draft to Plaintiffs in one day. The fact that such occurred "the day before this Statement was due to be filed" was Plaintiffs' fault.

### III. CLAIM CONSTRUCTION

The parties have completed claim construction discovery and claim construction briefing as set forth in the Patent Local Rules. The *Markman* hearing is currently scheduled for February 26, 2024. As noted in the Joint Claim Construction and Prehearing Statement, the parties anticipate that the *Markman* hearing will take four hours (ECF 129 at 3).

### IV. ADR

The parties previously agreed to participate in private mediation before a mutually-agreeable mediator with a deadline for completion 60 days after completing the exchange of expert reports (ECF No. 56 at 11), and the Court set a final deadline of July 12, 2024 for completing such mediation (ECF No. 62 at 2).

Plaintiffs' Further Statement

Finelite's statement that it has been "unable" to obtain an ADR stipulation is disingenuous.  After stating on the record at the September 19, 2023 hearing that Finelite was "interested in seeking the Court's assistance in arranging for a settlement mediation," ECF No. 141 at 62:11-3, at no time following that hearing did Finelite's counsel ever contact Plaintiffs'

counsel about obtaining an ADR stipulation, nor has Finelite's counsel ever circulated a draft of such a stipulation.

Plaintiffs' position is that the parties already agreed to an ADR procedure, as noted above, and Plaintiffs do not agree to change that procedure as now requested by Finelite below.

Finelite's Further Statement

Pursuant to Local Rule 16-10(d), Finelite submits the following additional statement reporting its views about using ADR and the timing thereof:

Finelite's position throughout the case has been that an early ADR would be productive. Finelite raised the issue with the Court at the first Case Management Conference on November 17, 2022 (ECF No. 57 (noting "mediation to become more meaningful after Samsung is added to the case")). Finelite then raised the issue at the September 19, 2023 hearing on Samsung's and Finelite's cross motions for summary judgment. (ECF No. 141, Tr. at 61:20 – 63:17 (discussion of same)). At the hearing, the Court suggested that counsel take advantage of being in the same building to discuss Finelite's request and followed-up with a Minute Entry inviting the parties to submit a stipulation selecting an ADR process. (ECF No. 141, Tr. at 63:14-17; ECF No. 135 (noting such)). Finelite's undersigned counsel did exactly as suggested by the Court and spoke with both Plaintiffs' and Samsung's counsel that were present at the hearing, but was unable to obtain such a stipulation.

Although counsel for Finelite and Plaintiffs have since exchanged communications on settlement, and Finelite anticipates continuing to do so, they have been unable to reach a settlement as of the date of this Statement. Finelite submits that if Finelite and Plaintiffs are unable to reach a settlement before the end of this month, it would be appropriate and beneficial for Finelite and Plaintiffs to engage in one of the Court's ADR programs in advance of the *Markman* hearing, if possible. Local Rule 16-8(a) states in pertinent part as follows: "At any time after an action has been filed, the Court on its own initiative or at the request of one or more parties may refer the case to one of the Court's ADR programs." Accordingly, Finelite requests that the Court refer this case for a settlement conference with a Magistrate Judge under ADR L.R.

1  7 at the earliest availability of a Magistrate Judge at a date and time mutually-agreeable to the
2  parties.

4  DATED: January 4, 2024                    **RADULESCU LLP**

                                             By: /s/*Jonathan Auerbach*
                                                 Jonathan Auerbach

                                             *Attorneys for Plaintiffs*
                                             Seoul Semiconductor Co., Ltd. and
                                             Seoul Viosys Co., Ltd.

9  DATED: January 4, 2024                    **MCCARTER & ENGLISH, LLP**

                                             By: /s/*Kevin Reiner*

                                             *Attorneys for Defendant*
                                             Finelite, Inc.

**ATTESTATION**

I, Jonathan Auerbach, hereby attest that concurrence in the filing of this Joint Case Management Statement has been obtained from all counsel with conformed signatures above.

Dated: January 4, 2024              **RADULESCU LLP**

s/*Jonathan Auerbach*
Jonathan Auerbach
*Attorneys for Plaintiffs*
Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.