UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., et al., <br><br>  Plaintiffs, <br><br> v. <br><br> FINELITE, INC., <br><br> Defendant. <br> ------------------------------------------------------------ <br> FINELITE, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SAMSUNG SEMICONDUCTOR, INC. | Case No. 22-cv-02869-TLT <br><br> **ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF FINELITE INC.'S MOTION FOR ENTRY OF A FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)** <br><br> Re: ECF No. 148 |

Before the Court is Defendant/Third-Party Plaintiff Finelite, Inc. ("Finelite")'s motion for entry of judgment under Federal Rule of Civil Procedure 54(b). The Court carefully considered the briefing, determined oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and hereby **GRANTS** Finelite's motion.[1]

I.   **BACKGROUND**

On May 13, 2022, Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (collectively "the Seoul Plaintiffs") filed a patent infringement action against Finelite. ECF No. 1 (Complaint). The Seoul Plaintiffs allege that a Finelite light emitting diode ("LED") panel has and continues to infringe fourteen of the Seoul Plaintiffs' U.S. patents directed to LEDs and LED

---

[1]   *See* also ECF No. 167 (March 19, 2024, the Court **VACATED** this motion hearing).

1   lighting.  ECF No. 93 (Second Amended Complaint).

2         On November 29, 2022, Finelite filed a third-party complaint against Samsung
3   Semiconductor, Inc. ("Samsung") regarding Samsung's duty to defend and indemnify Finelite for
4   the patent infringement action.  In that third-party complaint, Finelite brought claims against
5   Samsung for breach of contract and breach of the California Uniform Commercial Code; Finelite
6   also requested declaratory relief in the third-party complaint.[2]  *See* ECF No. 71 (Third-Party
7   Complaint) ¶¶ 24-41.  Finelite and Samsung filed cross-motions for summary judgment on all
8   Finelite's claims against Samsung, and on September 26, 2023, the Court granted Samsung's
9   motion for summary judgment and denied Finelite's cross-motion.  *See* ECF No. 105 (filed May
10  19, 2023), and ECF No. 112 (June 23, 2023).  ECF No. 142 (Order Granting Third-Party
11  Defendant's Motion for Summary Judgment and Denying Third-Party Plaintiff's Cross-Motion for
12  Summary Judgment ("MSJ Order")).

13        On November 6, 2023, Finelite filed a motion for entry of a final judgment as to Finelite's
14  third-party claims against Samsung, under Federal Rule of Civil Procedure 54(b).  ECF No. 148
15  (Motion for Entry of a Final Judgment ("MFJ")).  On November 20, 2023, Samsung filed a
16  statement of non-opposition to Finelite's MFJ.  ECF No. 149.  On the same day, the Seoul
17  Plaintiffs filed a response, stating that while they did not oppose Finelite's motion in principle,
18  they would oppose it if the motion was granted and if Finelite moved to stay the entire proceeding.
19  ECF No. 150 (Opposition/Response re MFJ).  The Seoul Plaintiffs had reached out to Finelite's
20  counsel to confirm if Finelite intended to seek a stay and Finelite's counsel "could not rule [it]
21  out."  *Id*. at 1:4-8.

22  **II.  LEGAL STANDARD**

23        Rule 54(b) provides in part:

> **When an action presents more than one claim for relief**—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved**, the court may direct entry of a final judgment as to one or more, but fewer than all,**

---

[2]    In the Third-Party Complaint, Finelite lists Declaratory Relief as a cause of action or claim, ECF No. 71, at 7:26-8:12, which the Court already held was duplicative of the other claims and not a theory of recovery.  ECF No. 142 (Motion for Summary Judgment Order).

**claims or parties only if the court expressly determines that there is no just reason for delay.**

Judgments under Rule 54(b) are considered final decisions and therefore immediately appealable. 28 U.S.C. § 1291 ("The courts of appeals…shall have jurisdiction of appeals from all final decisions of the district courts of the United States…"); *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015) ("We begin with the foundational rule that generally we have jurisdiction to hear an appeal only if it arises from a final order…"); *Augme Technologies, Inc. v. Yahoo! Inc.* 305 F.R.D. 112, 114 (N.D. Cal. 2012) ("Rule 54(b) allows district courts to [direct] entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay.").

To invoke Rule 54(b), there are two requirements: First, there must be a judgment entered by the Court, and that "judgment must be final with respect to one or more claims." *Augé*, 305 F.R.D. at 114 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)). Second, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. For figuring out if there is just reason for delay, courts balance "judicial administrative interests as well as the equities involved." *Id*. In making this determination, the court considers multiple factors, including the balance of administrative interests against piecemeal appeals, and the equities involved. *Id.* at 10-11. For example, courts may consider "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there [are] subsequent appeals." *Id*. When claims remain, the district court should look to those claims' "interrelationship with the claims on which certification is sought." *Id.* at 9.

Rule 54(b) Judgments are not routine, but instead, "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."

1   *Curtiss-Wright*, 446 U.S. at 8; *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

2   **III.   DISCUSSION**

3   Finelite asserts that its motion concerns a "final judgment" and there are no "just reason[s]
4   for delay." ECF No. 148 (MFJ), at 3:10-15. The Court addresses each of its arguments in turn.

5   **A.     Finelite's Motion Concerns a "Final Judgment".**

6   The first part of Rule 54(b) requires that there be a "final judgment", which is satisfied
7   when there is "an ultimate disposition of an individual claim entered in the course of a multiple
8   claims action." *Curtiss-Wright*, 446 U.S. at 7 (internal quotation marks and citation omitted).

9   Here, the Court finds there is a final judgment under Rule 54(b). There are multiple
10  claims: The patent infringement claims brought by the Seoul Plaintiffs against Finelite, plus the
11  additional third-party claims brought by Finelite against Samsung. *See* ECF No. 1 (Complaint)
12  and ECF No. 71 (Third-Party Complaint). In its summary judgment order, the Court ruled in
13  Samsung's favor for all the third-party claims. *See* ECF No. 142 (Motion for Summary Judgment
14  Order). There is nothing left for the Court to do with respect to the Third-Party Claims, except to
15  enter judgment.[3]

16  **B.     The Court Finds There Is No Just Reason for Delay.**

17  The Court must also consider if there is a just reason for delay, by considering factors
18  including judicial administration and the equities involved, such as potential prejudice to the
19  parties. *Curtiss-Wright*, 446 U.S. at 8.

20  Finelite argues that there is no just reason for delay. First, Finelite notes that the facts of
21  the Third-Party Claims are unrelated to the facts underlying the remaining claims between the
22  Seoul Plaintiffs and Finelite ("Seoul Plaintiffs' Claims"). ECF No. 148 (MFJ). Second, Finelite
23  argues that delaying final judgment of the Third-Party Claims would deprive it of potential
24  indemnification and claims that it would suffer harm due to the cost of defending litigation
25  without the support of Samsung. *Id*. at 3. Third, Samsung no longer has any claims pending

---

[3] In an unpublished decision, *Foreman v. Bank of Am., N.A.*, No. 18-cv-01375, 2019 WL 8137145, at *3 (N.D. Cal. Dec. 3, 2019), Judge Freeman held an order was final because claims were dismissed without leave to amend.

United States District Court
Northern District of California

against it and it would be "illogical" to require Finelite to wait for a disposition of the entire suit before appealing the Order granting Samsung's Motion for Summary Judgment. *Id*. And lastly, by the time the entire suit is resolved, months or years may have passed, and Finelite and Samsung will be further removed from the underlying facts or legal issues associated with the Third-Party Claims. *Id*.

The Court finds generally that there is no just reason for delay. There is limited factual or legal overlap between the Third-Party Claims and the Seoul Plaintiffs' Claims. The Third-Party Claims relate to the contractual relationship between Finelite and Samsung. In terms of legal analysis, the Court interpreted the parties' contracts and considered the use of parol evidence, such as the parties' conduct or negotiations. By contrast, the Seoul Plaintiffs' Claims are based on whether products sold by Finelite infringe certain patents. Since there is minimal overlap between the third-party claims and the Seoul Plaintiffs' claims, the Court of Appeals would not have to consider the same issues twice on appeal. *See Curtiss-Wright*, 446 U.S. at 10 (district courts should evaluate factors, such "as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"). In addition, a resolution of the third-party claims brought by Finelite against Samsung would resolve all the Finelite's third-party claims. *Cf. Jewel*, 810 F.3d at 630 (finding a just reason for delay where the proposed appeal would not resolve all the plaintiffs' claims). In sum, there are strong judicial efficiency reasons to grant Finelite's motion.

Turning to the equities, the potential prejudice to the parties is neutral. Finelite contends that delaying final judgment of its third-party claims would "depriv[e] [it] of the benefit of having Samsung defend Finelite." ECF No. 148 (MFJ), at 3. But even if the Court did not enter a final judgment under Rule 54(b) and Finelite needed to pay upfront for its patent litigation, Finelite could still be "made whole through later payments" from Samsung. *See e.g., Tesseral, Inc. v. Toshiba Corp.*, No. 15-CV-02543, 2017 WL 11002227, at \*6 (N.D. Cal. Mar. 6, 2017). Finelite further argues that by the time the Seoul Plaintiffs' claims are resolved, months or years may have passed, and both Finelite and Samsung will be further removed from the facts that support the Third-Party Claims. Mot. at 3. This is a valid concern. *See Lawson v. Grubhub, Inc.*, No. 15-cv-

05128, 2023 WL 3726490, at *3 (N.D. Cal. May 30, 2023) (considering how delays could result in "faded memories, lost evidence, and a diminished opportunity to resolve" certain claims on the merits). But on the other hand, if the Court grants Finelite's motion and Finelite moves for a stay, then resolution of the entire litigation would be delayed. *See id*.

Since the Court finds that the potential prejudice to the parties is neutral and there would be judicial efficiency, there is no just reason to delay.

## IV. CONCLUSION

For the foregoing reasons, Finelite's motion for entry of final judgment under Rule 54(b) is **GRANTED**.

This Order disposes of ECF No. 148. Finelite's clams contained in its third-party complaint, ECF No. 71, are dismissed with prejudice as against Samsung. This document constitutes a final judgment for purposes of Fed. R. Civ. P. 58(a). The Clerk is directed to hereby enter Judgment.

**IT IS SO ORDERED.**

Dated: January 11, 2024

TRINA L. THOMPSON
United States District Judge