McCARTER & ENGLISH, LLP
MARK D. GIARRATANA (*pro hac vice*)
mgiarratana@mccarter.com
THOMAS J. RECHEN (*pro hac vice*)
trechen@mccarter.com
KEVIN L. REINER (*pro hac vice*)
kreiner@mccarter.com
CityPlace I, 36th Floor
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6700
Facsimile: (860) 724-3397

NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 398-3600
Facsimile:  (415) 398-2438

Attorneys for Defendant FINELITE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., and SEOUL VIOSYS CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>FINELITE, INC.,<br><br>Defendant.<br>------------------------------------------------------<br>FINELITE, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SAMSUNG SEMICONDUCTOR, INC.,<br><br>Third-Party Defendant. | Case No: 3:22-cv-02869-TLT<br><br>**DEFENDANT FINELITE, INC.'S MOTION TO STAY LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT**<br><br>Hon. Trina L. Thompson<br><br>Date: May 9, 2024<br><br>Time: 2:00 p.m.<br><br>Location: Courtroom 9, 19th Floor |

Case No. 3:22-cv-02869-TLT
DEFENDANT FINELITE, INC.'S MOTION TO STAY LITIGATION
PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................. **Error! Bookmark not defined.**

I. Notice of Motion ..............................................................................................1

II. Relevant Procedural History ............................................................................2

III. Applicable Legal Standard ...............................................................................2

IV. Argument .........................................................................................................4

    A. Plaintiffs will not be harmed if a stay is granted ....................................4

        1. Injunctive relief is not available to Plaintiffs .................................5

            a) Plaintiffs have allowed – and continue to allow – Samsung to manufacture, offer to sell, sell and distribute the allegedly infringing LEDs unchallenged ....................................................................................5

            b) Plaintiffs did not seek a preliminary injunction in this case ..............7

            c) Plaintiffs have licensed [REDACTED] to third parties and therefore will be unable to establish irreparable harm or inadequacy of a legal remedy for this additional reason ....................................................................8

        2. There is no evidence Finelite would be unable to pay a money judgement ....10

    B. Absent a stay, Finelite faces the risk of substantial prejudice ..............11

    C. Judicial economy and efficiency favor a stay ......................................12

V. Conclusion .....................................................................................................13

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
   2018 WL 5793473 (N.D. Cal. Nov. 2, 2018) ................................................................. 2, 3

*ActiveVideo Networks, Inc. v. Verizon Comms., Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) ................................................................. 5, 8, 9, 10

*Apple, Inc. v. Samsung Elecs., Co.*,
   735 F.3d 1352 (Fed. Cir. 2013) ................................................................. 5, 8

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ................................................................. 3

*Doe v. Univ. of California*,
   1993 WL 361540 (N.D. Cal. Sept. 2, 1993) ................................................................. 3

*Intel Corp. v. Tela Innovations, Inc.*,
   2021 WL 783560 (N.D. Cal. Mar. 1, 2021) ................................................................. 12

*Keating v. Office of Thrift Supervision*,
   45 F.3d 322 (9th Cir. 1995) ................................................................. 4

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) ................................................................. 2, 3

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ................................................................. 3

*Matek v. Murat*,
   638 F. Supp. 775 (C.D. Cal. 1986) ................................................................. 3

*MercExchange, LLC v. eBay, Inc.*,
   500 F. Supp. 2d 556 (E.D. Va. 2007) ................................................................. 7

*Modoral Brands, Inc. v. Swedish Match N.A., LLC*,
   2022 WL 2188539 (C.D. Cal. Mar. 1, 2022) ................................................................. 7

*Mott v. Lucas*,
   2011 WL 3705131 (N.D. Ohio Aug. 23, 2011) ................................................................. 3

*Nat'l Union Fire Ins. Co. v. Ready Pac Foods, Inc.*,
   2011 WL 1790033 (C.D. Cal. May 9, 2011)

Case No. 3:22-cv-02869-TLT
ii
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

**Rules**

Federal Rule of Civil Procedure 54(b)...................................................................................2, 3

Case No. 3:22-cv-02869-TLT
iii
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

## I. Notice of Motion

Defendant/Third-Party Plaintiff Finelite, Inc. ("Finelite") hereby notices this motion to stay all proceedings related to this case pending a final resolution of Finelite's appeal to the Ninth Circuit Court of Appeals of this Court's Order granting Finelite's motion for entry of final judgment. This motion is to be heard on May 9, 2024 at 2:00 p.m. in Courtroom 9, 19th Floor before the Honorable Trina L. Thompson.

As set forth more fully below, this Court should grant this Motion because proceeding with the underlying infringement claims before the Ninth Circuit makes a final determination as to the obligations of Samsung Semiconductor, Inc. ("Samsung") risks multiplication of proceedings and grave prejudice to Finelite. The prejudice to Finelite includes (i) being forced to defend itself against claims related to allegedly infringing light emitting diodes ("LEDs") that it neither designed nor manufactured, but were designed and manufactured by Samsung, and (ii) incurring related litigation costs that are crippling in any patent infringement action, but are especially so here due to the inefficiencies of having to defend another's technology. Conversely, proceeding with the underlying infringement claims after the Ninth Circuit makes a final determination of Samsung's obligations ensures that this Court has before it all of the parties who are best suited to efficiently defend Plaintiffs' claims and pay a potential judgment. And the prejudice to Plaintiffs, if any, is minimal because any judgment in their favor must be limited to monetary relief insofar as Samsung continues to manufacture, offer to sell, sell and distribute the accused infringing LEDs completely unimpeded by any effort of Plaintiffs to stop it. Thus, if the sale of LEDs is causing Plaintiffs any harm at all, that harm certainly is not irreparable because Plaintiffs have allowed Samsung to sell them unabated. Finally, the interests of judicial economy and efficiency are best served by a stay because in the event of a reversal on appeal, it makes sense for Plaintiffs' claims against Finelite and Finelite's claims against Samsung to be tried together. Accordingly, this Court should grant Finelite's Motion to Stay.

## II. Relevant Procedural History

Plaintiffs filed this case on May 13, 2022 and filed the operative Second Amended Complaint in this matter on February 17, 2023. ECF No. 93. Therein Plaintiffs allege that Finelite is infringing fourteen patents relating to LEDs. *See* ECF No. 93 at ¶¶ 1, 11–24. On November 29, 2022, Finelite filed a Third-Party Complaint against Samsung, the party that manufactures the accused LEDs and sells them to Finelite. ECF No. 71 at ¶ 8. Finelite's Third-Party Complaint sought to enforce a defense and indemnity obligation contained in contracts between Finelite and Samsung, *id.* at ¶¶ 9, 14, 15, and asserted causes of action for breach of contract, breach of the California Commercial Code, and declaratory judgment. *Id.* at Counts One through Three.

On September 26, 2023, this Court entered an order granting Samsung's Motion for Summary Judgment and denying Finelite's Cross-Motion for Summary Judgment. *See* ECF Nos. 105, 111, 112 and 142. Shortly thereafter, Finelite moved for entry of final judgment as to Finelite's claims against Samsung pursuant to Federal Rule of Civil Procedure 54(b), which this Court granted on January 12, 2024. *See* ECF Nos. 148 and 179. On February 8, 2024, Finelite filed a Notice of Appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF No. 183. Finelite's appeal is currently pending. ECF No. 184 (assigning case number 24-711). Finelite's opening appellate brief is due on May 2, 2024, and Samsung's answering brief is due on June 3, 2024.

## III. Applicable Legal Standard

The standard for a motion to stay is set forth in the Supreme Court's decision in *Landis v. North Am. Co.*, 299 U.S. 248 (1936). "Although *Landis* is generally applied where there is a request to stay proceedings pending a decision in a different case (this was true in *Landis* itself), *Landis* broadly states that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *23andMe, Inc. v. Ancestry.com DNA,*

*LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018), *aff'd*, 778 F. App'x 966 (Fed. Cir. 2019). Indeed, courts have routinely applied *Landis* where a party requests a stay based on an appeal of a Rule 54(b) final judgment. *See, e.g., Mott v. Lucas*, No. 1:10-CV-0164, 2011 WL 3705131, at *4 (N.D. Ohio Aug. 23, 2011) (stating that, "[s]ince the Court is granting, in part, Plaintiff's motion for Rule 54(b) certification, the Court finds that it is in the interest of justice to stay all trial court proceedings pending a decision by the Court of Appeals on Plaintiff's appeal," citing *Landis* in support); *Nat'l Union Fire Ins. Co. v. Ready Pac Foods, Inc.*, No. CV 09-3220 RSWL (MANx), 2011 WL 1790033, at *5 (C.D. Cal. May 9, 2011) ("STAY[ing] further proceedings in this case pending resolution of any appeal taken from the Rule 54(b) Judgment" (citing *Landis*)).

As set forth in *Landis*, courts should "consider[] the hardships that would be suffered by the parties if a stay were or were not granted, as well as judicial economy." *23andMe, Inc.*, 2018 WL 5793473, at *3. This includes "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). In doing so, the Court must weigh competing interests and maintain an even balance. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so. *Doe v. Univ. of California,* No. C-92-2284 (SAW), 1993 WL 361540, at *2 (N.D. Cal. Sept. 2, 1993); *Matek v. Murat*, 638 F. Supp. 775, 784 (C.D. Cal. 1986) (staying district court proceedings pending appeal following entry of judgment pursuant to Fed. R. Civ. P. 54(b) "in the interests of efficiency and fairness").

Factors to consider when determining whether to grant a motion to stay include: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular

Case No. 3:22-cv-02869-TLT
3
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995); *see also Blue Cross & Blue Shield of Ala. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

### IV.   Argument

A stay pending resolution of Finelite's appeal would conserve the resources of this Court and the parties, while also ensuring that Plaintiffs' claims against Finelite proceed with a final determination of the indemnification issue between Finelite and Samsung that currently clouds these proceedings. As explained further below, Plaintiffs will not be harmed if the Court grants Finelite's motion to stay, but without a stay Finelite will be forced to defend Plaintiffs' infringement claims without Samsung's assistance when, in actuality, Samsung is far better equipped to defend its own technology. The alleged infringing LEDs were designed and manufactured by Samsung - not Finelite - underscoring that this dispute is really between Plaintiffs and Samsung. Finelite is merely a pawn in their dispute. Additionally, without a stay, Finelite will be forced to continue expending significant time, money, and effort to defend claims for which Samsung may ultimately be responsible. Accordingly, the Court should grant Finelite's Motion to Stay.

**A.   Plaintiffs will not be harmed if a stay is granted**

Plaintiffs will not suffer any harm if the Court stays this case at least because they would not be entitled to an injunction even if they prevail on any of their infringement claims, and there is no basis to believe that Finelite would be unable to pay a monetary award.

Case No. 3:22-cv-02869-TLT
4
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

### 1. Injunctive relief is not available to Plaintiffs

Monetary damages should be the only remedy available with respect to Plaintiffs' infringement claims.

### a) Plaintiffs have allowed – and continue to allow – Samsung to manufacture, offer to sell, sell and distribute the allegedly infringing LEDs unchallenged

In view of Plaintiffs' acquiescence to Samsung's continued commercialization of the alleged infringing LEDs, any harm to Plaintiffs resulting from the alleged infringement, if any, cannot be irreparable harm and Plaintiffs' remedies of law must be deemed adequate. In *Apple, Inc. v. Samsung Elecs., Co.*, 735 F.3d 1352, 1359 (Fed. Cir. 2013), the court defined the standard for obtaining an injunction against patent infringement as follows:

> In accordance with the principles of equity, a plaintiff seeking a permanent injunction 'must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'

In addition, "the issues of irreparable harm and adequacy of remedies at law are inextricably intertwined." *ActiveVideo Networks, Inc. v. Verizon Comms., Inc.*, 694 F.3d 1312, 1337 (Fed. Cir. 2012).

Plaintiffs accuse Finelite of infringing the patents-in-suit based on Finelite's purchase of six LEDs from Samsung. The six accused infringing LEDs are sold by Samsung under model no. LM561B Plus, have a Color Rendering Index or "CRI" of 80 or 90, and a Correlated Color Temperature or "CCT" of 3000K, 3500K, and 4000K (collectively "the Accused LEDs"). *See* Exhibits A and O.[1] Samsung continues to promote the Accused LEDs and offer them for sale via its website. Samsung's current website provides for downloading the information necessary to select and purchase the Accused LEDs, including "Data Sheets,"

---

[1] Exhibits A–O cited herein are attached to the Declaration of Justyn P. Stokely filed herewith. Finelite requests that the Court take judicial notice of Exhibits A–F, M and N attached to the Stokely Declaration. *See* Finelite's Request for Judicial Notice filed herewith.

Case No. 3:22-cv-02869-TLT
5
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

"Application Notes," and "Design Files." *See* Exhibits A and B. The website also includes a "Where to Buy" button that, in turn, leads a user to Samsung's "Sales Network" webpage where a user can input a state within the United States, wherein the webpage will in turn identify where and from whom the LEDs can be purchased within the selected state. *See* Stokely Declaration at ¶¶ 7–9; Exhibits C, D, and E. Samsung's "Sales Network" webpage for the State of California lists multiple "Distributors & Reps" within California where the LEDs may be purchased. The Samsung "Sales Network" webpage identifies Future Electronics as one such distributor, whose webpage is https://www.futureelectronics.com/. *See* Stokely Declaration at ¶ 9; Exhibit E. An exemplary screenshot of the Future Electronics webpage lists for sale several of the Accused LEDs, including the "LM561B+ 80 CRI" at 3000K, 3500K and 4000K, and provides pricing information and "Add To Cart" functionality to enable the purchase of such LEDs. *See* Exhibit F. Thus, an injunction against Finelite in this case would do nothing to stop the manufacture, offering for sale and sale of the Accused LEDs by Samsung.

Plaintiffs could seek to stop the infringement by bringing suit against Samsung, but, for some reason, they refuse to do so. Indeed, Plaintiffs and Samsung seem to have made some sort of pact whereby they forbear from bringing suit against each other regardless of their alleged infringement of each other's patents, but otherwise trap unwary purchasers of their products who must then defend or settle at their own costs claims that should be asserted and defended by the competing owners of the disputed patents. Further evidence of this macabre deal is the recently-filed *Samsung Electronics, Inc. v. Technical Consumer Prods., Inc. d/b/a TCP Lighting, et al.*, No. 23-186-JNR (D. Del.), where Samsung sued TCP Lighting, a customer of Plaintiffs, alleging that Seoul Semiconductor's LEDs infringe Samsung's patents. As in the case before this Court, TCP Lighting filed a third-party complaint against Seoul Semiconductor for, *inter alia*, breach of contract based on Seoul Semiconductor's failure to defend and indemnify it, further demonstrating that, at their core, these disputes are really

Case No. 3:22-cv-02869-TLT
6
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

between Plaintiffs and Samsung. *See* Exhibit G (TCP Lighting's third-party complaint seeking an indemnification and defense by Seoul Semiconductor against Samsung's claims that Seoul Semiconductor's LEDs infringe its patents).

Moreover, because Samsung continues to manufacture, offer to sell and sell the Accused LEDs, there is no risk that evidence will become stale or lost. *See Modoral Brands, Inc. v. Swedish Match N.A., LLC*, Nos. 2:21-CV-05013 (SB), 2:20-CV-05729 (SB), 2022 WL 2188539, at *3 (C.D. Cal. Mar. 1, 2022) (stating that a "loss of evidence" argument must be supported by evidence and not based on conclusory or speculative assertions).

Plaintiffs' refusal to take any action against Samsung to terminate its manufacture, offering for sale and sale of the allegedly infringing LEDs demonstrates that, if there is any harm resulting from Finelite's purchase of such LEDs from Samsung, it is not irreparable harm, and monetary damages are adequate to compensate for the alleged injury, if any.

### b) Plaintiffs did not seek a preliminary injunction in this case

Considering the totality of the facts, Plaintiffs' failure to seek a preliminary injunction strongly reinforces that the alleged infringement is not causing Plaintiffs any harm for which monetary damages would be inadequate. *See MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 573 (E.D. Va. 2007) (concluding that failure to seek preliminary injunctive relief in patent infringement action "is yet another factor in the calculus indicating both that [plaintiff] is not being irreparably harmed by [defendant's] infringement and that money damages are adequate") (citing *PGBA, LLC v. United States*, 389 F.3d 1219, 1229–31 (Fed. Cir. 2004)). Indeed, Plaintiffs have gone years without complaining of Finelite's use of the Accused LEDs. Finelite has been purchasing them from Samsung since 2016 but Plaintiffs did not take action until 2022. Plaintiffs cannot obtain injunctive relief for this additional reason.

Case No. 3:22-cv-02869-TLT
7
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

|   |   |
|---|---|
| 1 | **c)** **Plaintiffs have licensed ▮▮▮▮▮▮▮▮ to third parties and therefore will be unable to establish irreparable harm or inadequacy of a legal remedy for this additional reason** |
| 2 |   |

Multiple courts have held this factor to work against a finding of irreparable harm. In *ActiveVideo Networks, Inc.*, the Federal Circuit concluded that where the plaintiff broadly licensed its technology, including to the defendant, a finding of irreparable harm was clearly erroneous. *Id.* at 1339–40. The court also highlighted the fact that the parties were not competitors and noted that this fact likewise weighed against a finding of irreparable harm. *See id.* at 1340. Moreover, in *Apple, Inc.*, when assessing adequacy of a legal remedy, the court found "no error in the district court's decision to consider evidence of Apple's past licensing behavior." *Apple, Inc.*, 735 F.3d at 1370. Although the court concluded that the trial court failed to adequately analyze the licensing issue as it pertained to the defendant in that case, it noted numerous factors related to licensing that weigh against an injunction, including when the licensee is not a competitor, when the alleged infringer is not a competitor, and when licenses have been granted to settle pending litigation. *See id.*

Here, Plaintiffs have licensed ▮▮▮ of the fourteen patents in suit, and have granted licenses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The following chart displays which patents in this lawsuit Plaintiffs have licensed to third parties:

| Exhibit No. | Title/Description | Patents in Suit | Relevant Licensing Language |
|---|---|---|---|
| Ex. H at p. 4, § 2.1 | ▮▮▮▮▮▮▮▮ | ▮▮▮ | ▮▮▮▮▮▮▮▮ |
| Ex. I at p. 3, § 2.1 | ▮▮▮▮▮▮▮▮ | ▮▮▮ | ▮▮▮▮▮▮▮▮ |



The ▅▅▅▅▅▅ referenced in the table above have resulted in ▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅, further evidencing the adequacy of money damages and lack of irreparable harm. *See ActiveVideo Networks, Inc.*, 694 F.3d at 1340 (holding that

Case No. 3:22-cv-02869-TLT
9
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

1  district court erred in issuing injunction on patent infringement claims as availability of an on-
2  going royalty payment defeated argument of irreparable harm). Moreover, the █████████
3  ████████████████████████████████████████████████████████████████,
4  demonstrates that the Plaintiffs are willing to license ███████████████. Such a fact
5  counsels against irreparable harm and, thus, against an injunction, because it shows that the
6  Plaintiffs are willing to ████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ██████████████████████████████ in LEDs Magazine. *See* Exhibits M and N.
9  ████████████████████████████████████████████████████████████████
10 ██████████.

11       Plaintiffs cannot reasonably argue that Finelite's sale of the Accused LEDs has caused
12 irreparable harm for which monetary relief is inadequate because their ████████████
13 history proves otherwise. And thus, a short delay to permit the Samsung appeal to be decided
14 in no way prejudices Plaintiffs.

15       **2.**      **There is no evidence Finelite would be unable to pay a money judgement**

16       Because Plaintiffs are not entitled to an injunction, the only remedy available to them
17 in the event of a judgment in their favor is monetary relief. Although a stay may delay their
18 ability to collect a judgment for a brief period of time, such delay does not weigh against the
19 requested stay. This is true primarily because there is no evidence in the record that Finelite
20 would be unable to pay a monetary judgment. *See ActiveVideo Networks, Inc.*, 694 F.3d at
21 1340 (concluding no irreparable harm and highlighting that "[t]here are no concerns about
22 [defendant's] inability to pay."). Indeed, in opposition to Finelite's recent Administrative
23 Motion (ECF No. 181), Plaintiffs highlighted the fact that Finelite's parent company, Legrand,
24 "has been involved in responding to Seoul's numerous warning letters" and that "Legrand is
25 an international conglomerate with revenue of almost 7 billion Euros and total assets of 14
26 billion Euros." ECF No. 182 at 3 n.3. Thus, Plaintiffs cannot plausibly take the position that a

brief delay caused by the requested stay would render Finelite unable to pay a potential money judgment. In addition, and further ameliorating the impact of any delay resulting from a stay, Plaintiffs may be entitled to pre-judgment interest in the event they succeed on their infringement claims. ECF No. 93 at Prayer for Relief, ¶ F. As the risk of prejudice to Plaintiffs from a stay of this matter pending appeal is minimal at most, this factor weighs in favor of granting Finelite's requested stay.

**B.    Absent a stay, Finelite faces the risk of substantial prejudice**

The underlying infringement claims are still in their relatively early stages – fact and expert discovery are ongoing and dispositive motions are due in October.[2] *See* ECF No. 190. However, it is likely that discovery will close during the pendency of Finelite's appeal. If, following the appeal, Samsung is brought back into this case, discovery will then need to be reopened to allow for proper and complete discovery, which will result in duplicative discovery efforts and increased costs. Proceeding without a final determination of whether Samsung owes a defense and indemnity obligation to Finelite puts Finelite in the position of expending significant resources that may, ultimately, be the responsibility of Samsung.

In addition to the cost, the fact remains that Finelite does not manufacture the Accused LEDs, but Samsung does. And Samsung carefully controls the information needed to defend Plaintiffs' claims, which information is uniquely within Samsung's possession and control. The pending appeal is designed to reverse an interpretation of the contract terms and conditions between Finelite and Samsung that insulates Samsung from having to defend its technology. Finelite will suffer hardship by being forced to inefficiently defend the infringement claims without the assistance of Samsung. Finelite should not be required to assume this burden unless and until this Court's summary judgment rulings are upheld. Requiring Finelite to proceed before such time could be detrimental to Finelite as the

---

[2] The trial date is currently set for March 3, 2025.

Case No. 3:22-cv-02869-TLT
11
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT
ME1 47813522v.1

litigation progresses, both in terms of costs and litigation strategy. Thus, this factor weighs in favor of granting a stay of the infringement claims pending resolution of the appeal.

Finally, because the Plaintiffs and Samsung have some "arrangement" not to sue each other, they have created the situation now before this Court. They should not now be heard to complain about a problem they created and that either or both could readily solve simply by litigating their disputes against each other and not through unsuspecting proxies.

### C. Judicial economy and efficiency favor a stay

Staying this matter until a final determination of Samsung's obligations by the Circuit Court will ultimately result in more efficient proceedings in this Court. First, if it is determined that Samsung must defend and indemnify Finelite, the chances of settlement significantly increase. Although, of course, no such outcome can be guaranteed, it is reasonable to believe that if Samsung is faced with the reality of actively participating in this litigation, including defending against Plaintiffs' claims, and Plaintiffs are faced with the reality of litigating against Samsung, these claims may well resolve. *Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848 (WHO), 2021 WL 783560, at *11 (N.D. Cal. Mar. 1, 2021) (granting a motion to stay pending appeal and recognizing the possibility that the landscape could materially shift following appeal and that the "the prospects of settlement may have too and there may not be any trial on the remaining claims at all").

Second, the requested stay would not be prejudicial to the Court. Fact and expert discovery are not set to close until June 26, 2024 and September 19, 2024, respectively, dispositive motions will not be heard until December 10, 2024, and the trial date is not until March 3, 2025. *See* ECF No. 190. Accordingly, this matter is in an early enough stage where a stay pending resolution of the appeal that will decide who in fact is responsible for defending Plaintiffs' claims and, if necessary, ultimately paying a judgment would not

Case No. 3:22-cv-02869-TLT
12
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1

prejudice the Court or the parties. Therefore, the factor of convenience to the Court and efficient use of judicial resources weighs in favor of granting the requested stay.³

## V.     Conclusion

A stay of the infringement claims pending Finelite's appeal related to the third-party indemnification claims will not prejudice Plaintiffs, will save Finelite from significant prejudice, and will best serve the interests of judicial economy and efficiency. Accordingly, as the balance of equities tips clearly in favor of a stay, this Court should grant Finelite's motion.

Date:   March 5, 2024

/s/ Thomas J. Rechen
Mark D. Giarratana (pro hac vice)
mgiarratana@mccarter.com
Kevin L. Reiner (pro hac vice)
kreiner@mccarter.com
Thomas J. Rechen (pro hac vice)
trechen@mccarter.com
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

NOSSAMAN LLP
James H. Vorhis (SBN 245034)
jvorhis@nossaman.com
David C. Lee (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Tel: (415) 398-3600
Fax: (415) 398-2438

*Attorneys for Defendant and Third-Party Plaintiff Finelite, Inc.*

---

³ Finelite maintains that the factors of interests of persons not parties to the litigation and interests of the public do not weigh in favor or against either party and, therefore, does not analyze such factors in this Motion.

Case No. 3:22-cv-02869-TLT
13
DEFENDANT FINELITE, INC.'S MOTION TO STAY
LITIGATION PENDING APPEAL TO NINTH CIRCUIT OF THIRD PARTY COMPLAINT

ME1 47813522v.1